# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FILED**

JUN - 5 2008

**Clerk,** U.S. District and
Bankruptcy Courts

| | |
|---|---|
| Jerry Kim and Joung Ran Kim<br>4632 Carisbrooke Lane<br>Fairfax VA 22030 | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No.<br>) |
| Merrifield Town Center, LP,<br> a Virginia limited partnership<br>SERVE: Michael D. Collier, R.A.<br>2900 Telestar Court, Suite 100<br>Falls Church, VA 22042 | )<br>)<br>)<br>)<br>)<br>) |
| Uniwest Group, LLC<br>Serve: Michael D. Collier, Registered Agent<br>and President<br>2900 Telestar Court, Suite 100<br>Falls Church, VA 22042 | )<br>)<br>)<br>)<br>) |
| Uniwest Development, LLC<br>Serve: Dennis M. McDonald , Registered Agent<br>2900 Telestar Court, Suite 100<br>Falls Church, VA 22042 | )<br>)<br>)<br>) |
| Michael D.Collier<br>2900 Telestar Court, Suite 100<br>Falls Church, VA 22042 | )<br>)<br>)<br>) |
| McWilliams-Ballard, LLC<br>625 N. Washington Street, Suite 304<br>Alexandria, VA 22314 | )<br>)<br>)<br>) |
| Jonnie Jameson<br>625 N. Washington Street, Suite 304<br>Alexandria, VA 22314 | )<br>)<br>)<br>) |
| Walker Title and Escrow Company, Inc.<br>Serve: Alan L. Walker,<br>Registered Agent and President<br>11781 Lee Jackson Memorial Hwy, Suite 300<br>Fairfax, VA  22033-3309 | )<br>)<br>)<br>)<br>)<br>) |
| Defendants | ) |

Case: 1:08-cv-00970
Assigned To : Leon, Richard J.
Assign. Date : 6/5/2008
Description: Pro Se General Civil

1

## COMPLAINT

1.      The Plaintiffs Jerry Kim and Joung Ran Kim are contract purchasers of a condominium unit in the Virginia condominium regime named "Vantage at Merrifield, a Condominium." That condominium was developed and sold by Defendant Merrifield Town Center, LP.

2.      The Plaintiffs contracted to purchase a Unit in the  Vantage at Merrifield condominium and have placed a significant deposit pursuant to their purchase contract.

### JURISDICTIONAL ALLEGATIONS

3.      This Court has subject matter jurisdiction of Counts One and Three pursuant to 28 U.S.C.1331 and 15 U.S.C. 1719 because the basic claims advanced herein present questions of federal law contained in the Interstate Land Sales Full Disclosure Act, 15 U.S.C. 1701, *et seq*. (hereinafter "ILSA" or the "Act"). This Court has subject matter jurisdiction of Counts Two under the supplemental jurisdiction provided by  28 U.S.C.1367.

4.      Merrifield Town Center, LP,  marketed the units in the Vantage at Merrifield condominium using many means and instruments of interstate commerce and the U.S. Mails and is therefore subject to the provisions of ILSA.

>           A) Defendants Merrifield Town Center, LP and McWilliams-Ballard, LLC
>           advertised the sale of Vantage units in the District of Columbia and
>           obtained buyers from the District of Columbia.
>
>           B) Defendants Merrifield Town Center, LP and McWilliams-Ballard, LLC
>           sent sales materials and correspondence regarding the sale of Vantage units

into the District of Columbia.

C) Defendants Merrifield Town Center, LP and McWilliams-Ballard, LLC

received from the District of Columbia correspondence and payments with

respect to the sales of the Vantage units.

5.       The Merrifield Town Center, LP, claims that the sales of units in Vantage at

Merrifield condominium under contracts providing for delivery of the unit within 24

months of ratification of the contract are exempt from certain provisions of ILSA, and for

that reason this Court lacks subject matter jurisdiction to hear and decide this case.  The

lack of such an exemption, and therefore the existence of jurisdiction in this Court, will

therefore be set forth here, with the inclusion of applicable legal doctrines and principles,

to show jurisdiction.  Because documents are attached to this Complaint, some provisions

of which are not binding on Plaintiffs, some explanation of those will be included.

6.       The Contract for the purchase of unit in Vantage at Merrifield provided for

settlement within thirty six months of execution.

7       Defendant Merrifield Town Center, LP, claims exemption from the Act for

Contracts referring to a settlement within 36 months such as the contract of the plaintiffs,

based upon a provision in the Act that is called the "One Hundred Lot Exemption."[1]

a.       Section 1702(b) of the Act provides, in pertinent part:

Sec. 1702. Exemptions

**(a) Sale or lease of lots generally**

\* \* \*

---

[1]  The Act has been uniformly held to apply to units in a condominium regime as "lots."

**(b) Sale or lease of lots subject to other statutory registration and disclosure requirements**

Unless the method of disposition is adopted for the purpose of evasion of this chapter, the provisions requiring registration and disclosure (as specified in section 1703(a)(1) of this title and sections 1704 through 1707 of this title) shall not apply to -

(1) the sale . . . of lots in a subdivision containing fewer than one hundred lots which are not exempt under subsection (a) of this section;

b.      Under the definitions in the Act, the Vantage at Merrifield condominium is and has always been a subdivision containing 279 lots. Therefore Section 1702(b)(1), which limits the application of Section 1702(b) for "a subdivision containing fewer than one hundred lots" makes the Vantage at Merrified condominium ineligible for an exemption under that section from the registration and disclosure requirements of the Act. The word "exempt" in the subordinate clause of that sentence, which reads "which are not exempt under subsection (a) of this section," means "exempt entirely from the Act." Congress did not provide in Section 1702(b)(1) a specific exemption from the registration and disclosure provisions of the Act for subdivisions which are exempt entirely from the Act.

c.      The exemption provisions of Section 1702 exempt completely from the

Act subdivisions of 24 or fewer lots and exempt from the registration and disclosure provisions of the Act subdivisions of 99 or fewer lots, leaving the remaining provisions of the Act applicable to those subdivisions of 99 lots or less, those principally being the registration and disclosure provisions.

d      Therefore, the "One Hundred Lot Exemption" provided in the Act does not exempt any unit in the Vantage at Merrifield subdivision of 279 units from any provision of the Act.

8.      The statutory exemption which Merrifield Town Center, LP. contends is available to it for plaintiff's contract is conditioned by the language: "Unless the method of disposition is adopted for the purpose of evasion of this chapter."

a.      The exemptions from the Act claimed by Vantage at Merrifield Town Center, LP. is not available here because the facts will prove that the method of disposition of the units to the buyers in this project was adopted for the purpose of evasion of the Act.

b.      Merrifield. LP, contrived a scheme to evade the Act by falsely representing that the single, 279-unit Condominium consisting of land with two buildings on it, each building containing more than one hundred condominium units, was really two "subdivisions," one having less than one hundred units and the other containing one hundred and eighty-two units or more. That evasion scheme was disguised and falsely described in documents filed with HUD in a request for an "advisory opinion." The documents presented to HUD and the advisory opinion

sought were to for the purpose of evading the Act.

c.      Merrifield Town Center, LP. sought and obtained from HUD an "advisory opinion" as to the exempt status of its 279 units.   That advisory letter gave the writer's opinion that the sale of up to 99 units was exempt from the Act, provided the remaining 180 units in the project were sold under Contracts containing an unconditional obligation on Merrifield Town Center, LP, to erect the building within two years from the date the purchaser signs the Condominium Purchase Contract.

d.      Merrifield Town Center, LP, actively deceived personnel at HUD with false statements and false documents for the purpose of causing that "advisory opinion" for the purpose of deceiving HUD, prospective buyers and others into believing that sales of units in the Vantage at Merrifield condominium were exempt from the provisions of the Act, when they were not.

e.      Included in the false representations to HUD were copies of a form of Unit Purchase Agreement which Merrifield Town Center, LP, represented it was going to use for sales of units.  Merrifield Town Center, LP, actually did not intend to and never did use the form of contract it had submitted to HUD as its intended form of contract, but never disclosed that to HUD.

f.      The difference between the form of contract submitted to HUD and the form actually used for sales consisted of different wording describing the seller's obligation to erect the building within two years.  The wording in the contract

submitted to HUD imposed a more stringent two-year obligation on Merrifield

Town Center, LP.  The contract form actually used imposed a much less

stringent two-year obligation on Merrifield Town Center, LP, and relieved it of

the statutorily required unconditional obligation to erect the building within two

years.  The contract form actually used added additional excuses for delay in

completion.

g.    Even if that advisory opinion could be construed as an opinion that there

exists an exemption of some kind for any Vantage Contract from the registration

and disclosure requirements of the Act, that opinion would be an erroneous

opinion, not binding upon any court or person.  To be effective, that advisory

opinion would have to be accepted as an act of the agency, HUD, which it is not,

and as an amendment to the Act, which is not even within the agency's power.

h.    The intent of Merrifield Town Center, LP, to evade the Act is evidenced

by its drafting and utilizing using the one hundred and eighty or more Contracts

providing for twenty-four-month delivery (the Class A Contracts) and the ninety-

seven Contracts providing for thirty-six-month delivery (the Class B Contracts).

The intent of Merrifield Town Center, LP, was to pretend and contend that the

Class A contracts were all exempt entirely from the Act under Section 1702(a)

and that the Class B Contracts were all exempt from the registration and

disclosure requirements of the Act, under Section 1702(b)(1).

i.    The intent of Merrifield Town Center, LP, to evade the Act is evidenced

by its scheme to deceive The Class A buyers (those with 24-month contracts) into signing amendatory documents which were falsely made to appear to be of no or of only minor consequence to the buyer, such as the selection of buyer options, without disclosing (I) that the completion of the structure within twenty-four months was seriously in doubt, (ii) that an important change to the contract rights of the buyer was intended to be effected by that amendment: the delivery date for the unit.

j        The intent to deceive of Merrifield Town Center, LP, and its intent to evade the Act are clearly evidenced by its solicitation and execution of agreements buyers to extend the "ratification date" of the Contract. These agreements were obtained by the deceptive device of including the wording, without explanation, at the end of an amendatory agreement, ostensibly of minor significance for another purpose. These agreements are particularly revealing of the seller's intent deceive purchaser and to evade the Act, since there is no way the "ratification date" of a Contract can be "extended." All the Class A Contracts have "ratification" dates written on them by Defendant Michael D. Collier, personally, or at his direction. Once a Contract is "ratified," it can't be "unratified;" and the date it was actually ratified is permanently fixed. Documents purporting to change that date are both deceptions of buyers and attempts to evade the Act.

9.        No exemption is ever possible from the anti-fraud provisions of the Act.

The deceptive sales devices, schemes and marketing techniques complained of herein constitute violations of the anti-fraud provisions of the Act for which for which there is no exemption and this Court has jurisdiction to hear and decide those claims.

10.    All of the contracts for units in the Vantage condominium were obtained as a result of fraudulent and deceptive practices prohibited by the Act and are void.

## THE PARTIES

11    Merrifield Town Center Limited Partnership is a Virginia limited partnership whose office is at 2900 Telestar Court, Suite 300, Falls Church, VA 22042.

12.    Uniwest Group, LLC, is a Virginia limited liability company having its office at 2900 Telestar Court, Suite 300, Falls Church, VA 22042.  Uniwest Group, LLC, is the sole general partner in Defendant Merrifield Town Center, LP., and under Virginia law is the only entity having the authority to make decisions on behalf of Merrifield Town Center Limited Partnership.  All decisions and actions of Merrifield Town Center, LP. are therefore the responsibility of Uniwest Group, LLC.

13.    Michael D. Collier is the President, Registered Agent and controlling person of Uniwest Group, LLC, as well as the  and controlling person and Registered Agent of Defendant Merrifield Town Center Limited Partnership.

14.    Uniwest Development, LLC, is a Virginia limited liability company having its office at 2900 Telestar Court, Suite 300, Falls Church, VA 22042.

15.    Walker Title & Escrow Company, Inc. is a Virginia corporation having its principal place of business at 11781 Lee Jackson Memorial Hwy., Suite 300, Fairfax,

Virginia.

## ALLEGATIONS OF LIABILITY

### Count One - Violations of Statute

16.    Defendant Merrifield Town Center Limited Partnership was the "developer," as that term is defined in the Act, of Vantage at Merrifield,.a Condominium.

17.    On and after June 3, 2005, Plaintiffs entered into Unit Purchase Contracts in which the Merrifield Town Center, LP, agreed to sell and Plaintiffs agreed to buy units in the condominium regime "Vantage at Merrifield, a Condominium" which was a condominium building to be built at 8190 and 8191 Strawberry Lane, Falls Church, VA 22042, in Fairfax County, Virginia.

18.    The Vantage project was never registered with HUD as required by the Act

19    No Statement of Record for the Vantage project was ever filed with or approved by HUD as required by the Act.

20.    No Property Report for the Vantage project was ever filed with or approved by HUD as required by the Act.

21.    No Property Report for the Vantage project was ever delivered to any purchaser of a unit in the Vantage project as required by the Act.

22.    Every Contract signed for purchase of a unit in the Vantage project was in violation of the Act.

23.    Section 1703(a) of the Act prohibits fraudulent and deceptive sale practices

in selling parcels of real estate in a project which is which is subject to the Act, which

the Vantage project is.  The relevant text of that Section is:

> **(a) Prohibited activities**
> It shall be unlawful for any developer or agent, directly or indirectly, to make use of
> any means or instruments of transportation or communication in interstate
> commerce, or of the mails -
>> (1) -
>> (2) with respect to the sale or lease, or offer to sell or lease, any lot not exempt
>> under section 1702(a) of this title -
>>> (A) to employ any device, scheme, or artifice to defraud;
>>> (B) to obtain money or property by means of any untrue statement of a
>>> material fact, or any omission to state a material fact necessary in order to
>>> make the statements made (in light of the circumstances in which they
>>> were made and within the context of the overall offer and sale or lease) not
>>> misleading, with respect to any information pertinent to the lot or
>>> subdivision;
>>> ©) to engage in any transaction, practice, or course of business which
>>> operates or would operate as a fraud or deceit upon a purchaser . . .

The specific facts of the deceptive practices of Merrifield Town Center, LP,

which constitute violations of the Act include, without limitation, the following.

a.    Obtaining signatures of buyers on Contracts which Merrifield Town

Center, LP, told the buyers were binding on the buyers and were fully in effect as

contracts, while Merrifield Town Center, LP, secretly intended to preserve a right

to contend later that the Contract was not binding on either party until Merrifield

Town Center, LP, at its discretion, perhaps months later,  decided to make it

binding on Merrifield Town Center, LP,.

b.    Falsely leading buyers to believe that the outside date for Merrifield Town

Center, LP, to "turn over the unit" would "in no event" be later than two years

from contract signing by the buyer, when actually Merrifield Town Center, LP, intended at all times to contend that the outside date for Merrifield Town Center, LP, to "turn over the unit" would not remain fixed against all "events," but instead could be much later, depending on later events.

c.      At some point after execution of the Contracts Defendants Merrifield Town Center, LP, and Uniwest Group, LLC, realized that completion of the building within two years of the signing of the Contracts was seriously in doubt. Defendants Merrifield Town Center, LP, and Uniwest Group, LLC, then devised a scheme to deceive The Class A buyers (with 24-month contracts) into signing amendatory documents which were falsely made to appear to be of no or of only minor consequence to the buyer, such as the selection of buyer options, without disclosing (I) that the completion of the structure within twenty-four months was seriously in doubt, (ii)  that an important change to the contract rights of the buyer was intended to be effected by that amendment: the delivery date for the unit.

d.      Actively deceiving personnel at HUD with false statements and false documents for the purpose of causing an erroneous "advisory opinion" to be signed by an official at that agency, for the purpose of deceiving buyers, prospective buyers and others into believing that sales of units in the Vantage condominium were exempt from the provisions of the Act, when they were not. Included in the false representations to HUD were copies of a form of Unit Purchase Agreement which Merrifield Town Center, LP, represented it was going

to use for sales of units.  Merrifield Town Center, LP. at Merrifield actually did

not intend to and did not ever use the form of contract it had submitted to HUD,

but never disclosed that to HUD.

e.      The difference between the form of contract submitted to HUD and the

form actually used for sales consisted of different wording describing the seller's

obligation to erect the building within two years.  The wording in the contract

actually used relieved Merrifield Town Center, LP, of the statutorily required

unconditional obligation to erect the building within two years and added

additional excuses for delay in completion, making the obligation to complete the

building within two years "conditional."

f.      Giving to Plaintiffs copies of a "Public Offering Statement" containing

facts regarding the Vantage project and units in that project and representing that

the Public Offering Statement had been approved by the Virginia Real Estate

Board, when that Board had not approved the Public Offering Statement given

those purchasers.

g.      Failing ever to disclose to Plaintiffs who had executed purchase Contracts

prior to receiving a Board-approved Public Offering Statement that those buyers

had a right to cancel their purchase Contracts within ten days of receipt of a

Public Offering Statement approved by the Virginia Real Estate Board.

h.      Defendant Merrifield Town Center, LP. has forcefully and in writing

threatened several named Plaintiffs that it will soon sue those buyers for breach of

the illegal Contracts. Those threats state that Merrifield Town Center, LP. will

seek to forfeit all deposits of those purchasers as well as seek to obtain judgments

against those purchasers for damages in the amount of the drop in purchase value

of the unit contracted for, which Merrifield Town Center, LP. alleges to be at least

twenty percent for each unit, or $100,000.00 for each $500,000.00 of Contract

price. Merrifield Town Center, LP. has actually sued one or more contract buyers

in state courts for exactly the relief described in the preceding sentence.

i       Letters threatening suit include threats of suit for fraud, falsely alleging,

without the slightest evidence, to support it, that individual buyers lied about

intending to occupy their units.   During the inexcusable delay of Merrifield

Town Center, LP, in erecting the building events have changed for many

Plaintiffs.  As one example, at the time one of the Plaintiffs contracted to buy a

unit she intended to occupy it with her husband.  Since then she has borne two

children waiting for completion of the building and that unit is no longer suitable

for her family.  She is now being falsely accused of fraud by Merrifield Town

Center, LP.

j.      Such suits and threats of suits do not disclose to the buyers so threatened or

sued that the Contracts referred to were obtained in violation of the ILSA, that the

threatened or sued buyers have any rights under ILSA or under the Virginia

Condominium Act to refuse to close on their Contracts.  To the contrary, those

threats and suits falsely state that each Contract buyer is unquestionably liable to

Merrified, LP under the Contract. Those statements and threats are false and deceptive for their failure to include facts necessary to be stated in order to make the statements made not misleading.

k.    Those threats and suits are attempts to complete the sales of the units, thereby extracting the rest of the sales price from the buyers, and are themselves deceptive sales and marketing tactics which violate of the Act.

l.    The actions described herein evidence a continuing intent on the part of Defendants Merrifield Town Center, LP, Uniwest Group, LLC and Michael D. Collier to complete the tortious, fraudulent and illegal wrongs they have done to the Plaintiffs to collect their profits from those wrongs. Those actions have no legal justification or excuse. For that reason Defendants Merrifield Town Center, LP, Uniwest Group, LLC and Michael D. Collier  are guilty of malicious and intentional wrongs against the Plaintiffs, for which punitive damages should be imposed.

24.    The Interstate Land Sales Full Disclosure Act is a law enacted to protect buyers such as the Plaintiffs from precisely the harm which Merrifield Town Center, LP, by the actions complained of herein, has inflicted upon the Plaintiffs.

25.    During the time period in which the events complained of occurred Defendant Collier was in charge of all operations of Defendants Merrifield Town Center, LP, and Uniwest Group, LLC, including the planning of Vantage at Merrifield, its condominium registration with the Virginia Real Estate Board, its construction and its

marketing, including the period in which its attempts to evade the Act were committed and all sales Contracts were signed. Upon information and belief Defendant Collier personally made every important decision affecting the development and sale of the units in Vantage at Merrifield and signed every one of the Contracts here in issue.

26.    Upon information and belief,

a.    Defendant Collier personally monitored and controlled, on behalf of Defendants Uniwest Group, LLC and Merrifield Town Center, LP, the attempts to evade the provisions of the Act and to deceive purchasers of units.

b.    In these actions Defendant Collier personally supervised and controlled the use of various law firms and attorneys, deceiving some of those attorneys as to important and relevant facts, and the actual intentions of Merrifield Town Center, LP.

27.    Defendant Uniwest Group, LLC, is liable for any damages, compensatory and punitive, costs and attorney fees imposed upon Merrifield Town Center, LP, for violations of the Act because:

a.    During the relevant period Defendant Uniwest Group, LLC, was "a person who, directly or indirectly, sells or leases, or offers to sell or lease, or advertises for sale or lease any lots . . ." in the Vantage project. 15 U.S.C. Sec. 1701(5).

b.    During the relevant period Defendant Uniwest Group, LLC, was an "agent" of Merrifield Town Center, LP, as a "person who represents, or acts for or

on behalf of, a developer in selling or leasing, or offering to sell or lease, any lot or lots in a subdivision." 15 U.S.C. Sec. 1701(6).

28.    Defendant Uniwest Development, LLC, is liable for any damages, compensatory and punitive, costs and attorney fees imposed upon Merrifield Town Center, LP, for violations of the Act because:

a.    During the relevant period Defendant Uniwest Development, LLC, was "a person who, directly or indirectly, sells or leases, or offers to sell or lease, or advertises for sale or lease any lots . . ." in the Vantage project. 15 U.S.C. Sec. 1701(5).

b.    During the relevant period Defendant Uniwest Development, LLC, was an "agent" of Merrifield Town Center, LP, as a "person who represents, or acts for or on behalf of, a developer in selling or leasing, or offering to sell or lease, any lot or lots in a subdivision." 15 U.S.C. Sec. 1701(6).

29.    Defendant McWilliams-Ballard is liable for any damages, compensatory and punitive, costs and attorney fees imposed upon Merrifield Town Center, LP, for violations of the Act because:

a.    During the relevant period Defendant McWilliams-Ballard, LLC, was "a person who, directly or indirectly, sells or leases, or offers to sell or lease, or advertises for sale or lease any lots . . ." in the Vantage project. 15 U.S.C. Sec. 1701(5).

b.    During the relevant period Defendant McWilliams-Ballard, LLC, was

an "agent" of Merrifield Town Center, LP, as a "person who represents, or acts for or on behalf of, a developer in selling or leasing, or offering to sell or lease, any lot or lots in a subdivision." 15 U.S.C. Sec. 1701(6).

30.     Defendant Jonnie Jameson is liable for any damages, compensatory and punitive, costs and attorney fees imposed upon Merrifield Town Center, LP, for violations of the Act because:

a.       During the relevant period Defendant Jonnie Jameson, was "a person who, directly or indirectly, sells or leases, or offers to sell or lease, or advertises for sale or lease any lots . . ." in the Vantage project. 15 U.S.C. Sec. 1701(5).

b.       During the relevant period Defendant Jonnie Jameson, was an "agent" of Merrifield Town Center, LP, as a "person who represents, or acts for or on behalf of, a developer in selling or leasing, or offering to sell or lease, any lot or lots in a subdivision." 15 U.S.C. Sec. 1701(6).

31.     Defendants Merrifield Town Center, LP., Uniwest Group, LLC, and Michael D. Collier are liable for the imposition of punitive damages for the intentional, malicious and fraudulent acts of each which are complained of herein.

**Count Two - Breach of Contract**

32.     Plaintiffs have performed all obligations imposed upon them by the Contracts.

33.     Defendant Merrifield Town Center, LP, has substantially breached the Plaintiff's contract by failing to complete construction and obtain occupancy permits for the units sold within twenty-four months after the Contract for that unit was signed by the purchaser of that unit.

34.     Despite demands therefore, Merrifield Town Center, LP, has refused to return

any money to the Plaintiffs.

35.    By reason of the breach of contract Merrifield Town Center, LP, has caused proximate and consequential damages to each Plaintiff.

### Count Three - Return of Deposits

36.    Walker Title & Escrow has control and custody over the Plaintiffs' deposit but refuses to return it to the plaintiffs.

37.    Plaintiffs have no remedy at law for the continuing and threatened wrongs complained of herein and require the intervention and assistance of this Court.

38.    PLAINTIFFS DEMAND JURY TRIAL OF ALL FACTUAL ISSUES FOR WHICH JURY TRIAL IS AVAILABLE.

WHEREFORE, plaintiffs pray that this Court:

A.    Take jurisdiction of this cause and make the Defendants and any other necessary persons parties defendant.

B.    Enter its declaratory judgment declaring that the Contracts entered into by the named Plaintiffs were obtained in violation of the Act and by reason of violations of the Act and are void.

C.    Enter its order requiring Defendant Walker Title to pay Plaintiffs the amount of money that was deposited with Walker Title by or for each such purchaser, without deduction, together with all interest earned on each such deposit.

D.    Enjoining Defendant Merrifield Town Center, LP, from initiating or prosecuting any suit against a named Plaintiff, except by way of a counterclaim in this case.

E.    Award to Plaintiffs its judgment against Defendants Merrifield Town Center, LP, Uniwest Group, LLC, and Michael D.Collier, for punitive damages under Count One in an

appropriate amount as to each, considering all relevant factors, including the actions and culpability of each, the need to deter others from similar conduct and the financial net worth of each.

      F.        Award to Plaintiffs its judgment under Count One against Defendants Merrifield Town Center, LP, Uniwest Group, LLC, and Michael D.Collier, jointly and severally, in the amount of the compensatory and consequential damages proven at trial to have been proximately caused to Plaintiffs by the violations complained of herein, not less than HUNDRED THOUSAND ($100,000.00) DOLLARS, together with the costs and attorney fees incurred in bringing this suit.

      G.        Award to Plaintiffs its judgment under Count Two against Defendants Merrifield Town Center, LP, Uniwest Group, LLC, and Michael D.Collier, jointly and severally, in the amount of the compensatory and consequential damages proven at trial to have been proximately caused to Plaintiffs by the violations complained of in Count Two, not less than FIVE MILLION, FIVE HUNDRED AND EIGHTY THOUSAND ($5,580,000.00) DOLLARS, together with the costs and attorney fees incurred in bringing this suit.

                             Respectfully submitted,
                             Jerry Kim and Joung Ran Kim, prose

                             Jerry Kim

                             Joung Ran Kim

F
08-970
RJL

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

Jerry Kim, et al

**DEFENDANTS**

Maxifield Town Ctr et al

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___88888___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TR

The se's n/p

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

AT

Case: 1:08-cv-00970
Assigned To : Leon, Richard J.
Assign. Date : 6/5/2008
Description: Pro Se General Civil

JURY ACTION

## II. BASIS OF JURISDICTION

(PLACE an x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☒ Federal Question
(U S  Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

### ☐ A. *Antitrust*

☐ 410 Antitrust

### ☐ B. *Personal Injury/ Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. *Administrative Agency Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. *General Civil (Other)* OR ☒ F.  *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☒ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Immigration**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien Detainee
☐ 465 Other Immigration Actions

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)

☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.

☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

No Summons Issued

| ☐ **G. Habeas Corpus/ 2255**<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ **H. Employment Discrimination**<br><br>☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ **I. FOIA/PRIVACY ACT**<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ **J. Student Loan**<br><br>☐ 152 Recovery of Defaulted Student<br>Loans (excluding veterans) |
|---|---|---|---|
| ☐ **K. Labor/ERISA (non-employment)**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ **L. Other Civil Rights (non-employment)**<br>☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ **M. Contract**<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ **N. Three-Judge Court**<br><br>☐ 441 Civil Rights-Voting (if Voting<br>Rights Act) |

**V. ORIGIN**

■ 1 Original     ☐ 2 Removed     ☐ 3 Remanded from   ☐ 4 Reinstated   ☐ 5 Transferred from   ☐ Multi district   ☐ 7 Appeal to
  Proceeding       from State        Appellate Court       or Reopened      another district          Litigation         District Judge
                   Court                                                    (specify)                                     from Mag.
                                                                                                                          Judge

---

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
_28 USC 1331_

---

**VII. REQUESTED IN    COMPLAINT**    CHECK IF THIS IS A CLASS    **DEMAND $**    Check YES only if demanded in complaint
☐    ACTION UNDER F.R.C.P. 23    **JURY DEMAND:** ■ YES    ☐ NO

**VIII. RELATED CASE(S) IF ANY** _p.f._    (See instruction)    ☐ YES  ■ NO    If yes, please complete related case form.

DATE _6.5.08_    SIGNATURE OF ATTORNEY OF RECORD _NCD_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.